IN THE UNITED STATES DISTRICT COURT FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| UNITED STATES OF AMERICA | : No. 25-460-20 |
| | : |
| | : |
| | : |
| JANDANIEL VELEZ GONZALEZ | : |

## Memorandum of Law in Support of Pretrial Release in Opposition to Motion for Pretrial Detention

The Defendant, by and through his attorney James Nechin, Esquire, respectfully requests this Honorable Court to impose release conditions and in support thereof submits the following:

**FACTS:**

Defendant Jandaniel Velez Gonzalez has been charged in a 168-page indictment with Conspiracy to Distribute in excess of 280 grams of Crack, 40 grams of Fentanyl and 28 grams of Cocaine powder base.

**ARGUMENT:**

18 U.S.C.S §3142 provides in pertinent part the following:

(g) Factors to be considered. The judicial officer shall determine whether there are conditions of release that will reasonably assure the appearance of the person as required and the safety of any other person and the community, consider the available information concerning—

  (1) The nature and circumstances of the offense charged, including whether the offense is a crime of violence, a violation of Section 1591 [18 USCS § 1591], a Federal crime of terrorism or involves a minor victim or a controlled substance, a firearm, explosive or destructive device;
  (2) The weight of the evidence against the person;

(3) The history and characteristics of the person, including—
(A) The person's character, physical and mental condition, community ties, past conduct, history related to drug or alcohol abuse, criminal history and record concerning appearance at court proceedings; and
(B) Whether, at the time of the current offense, the person was on probation, on parole or on other release pending trial, sentencing, appeal, or completion of a sentence for an offense under Federal, State or Local law; and
(4) The nature and seriousness of the danger to any person or the community that would be posed by the person's release. In considering the conditions of release described in subsection (c)(1)(B)(xi) or (c)(1)(B)(xii) of this section, the judicial officer may rely upon his/her own motion, of shall upon the motion of the Government, conduct an inquiry into the source of the property to be designated for potential forfeiture or offered as collateral, of property that, because of its source, will not reasonably assure the appearance of the person as required.

In the case at bar, the Defendant concedes that the Bail Reform Act contains a rebuttable presumption that the defendant should be detained due to the nature of the charges. However, Congress enacted the statutory presumption of detention to detain a *small but identifiable group* of particularly dangerous defendants. United States v Shakur, *817 F2d 189, 195 (2nd Cir 1987) (quoting S Rep, No. 98-225 at 7 (1983), as reprinted in 1984 U.S.C.C.A.N. 3182, 3189.* It was meant to apply to major drug traffickers, such as kingpins. (S.REP NO 98-225), emphasizing that it was for these limited offenders that the courts needed the power to deny release pending trial. It was meant to address the security of the community and assure appearance in court. In this indictment, it is clear from the indictment and the allegations that Jandaniel is neither a kingpin nor a manager, but a worker-bee in the structure of the conspiracy alleged.

The defendant herein rebuts the presumption of pretrial detention and should be released on conditions. Jandaniel (hereinafter referred to as "Jan"), is a United States Citizens with peripheral ties to Puerto Rico, where he was born. He is 21 years old, and in this alleged conspiracy, of 33 defendants, is the *youngest person* charged in the indictment. He has

ties to Philadelphia and though he had spent time in Connecticut, his family and family ties are located here in Philadelphia. Jan, if released, with a GPS monitor, is able to live with his mother, at her address at 3718 N 9th St. Philadelphia. She is not charged in this Conspiracy. Jan does not have any contact with his biological father. A Codefendant in this case did previously reside at the above residence with Jan's mother, but as he is alleged to be a manager or leader in the indictment and more of the type of individual that Congress intended the presumption to apply to pending trial, he conceded detention[1]. The court will note the differences between a boss or manager of an organization and ordinary workers without authority. In this case, Jan would be considered the latter, given the nature of the charges against him. In the indictment, he is observed to have made a street level transaction. The remainder of the indictment alleges his part of the conspiracy is given to a series of phone calls over the course of a month in late spring and early summer where he is heard taking orders but not giving them. He is not an elite member of a conspiracy such that there can be no conditions that will keep the community safe; nor does his arrest create *any greater risk* of flight that anyone would have despite the possible sentence that exists from the charges[2]. The Government may argue that Jan was regularly seen by pole

---

[1] In that regard, there is no danger that Jan would be influenced by or be associating with or living in the same confines with another conspirator in this case, thus addressing one of the general conditions of concern.

[2] In the Government's pretrial motion for detention, they have presented a series of photographs of people trying to look dangerous. In no photo therein provided does Jan appear. And so, although the photos may be meant to depict those photographed in order to bolster a dangerousness argument, Jan, in particular, is absent from those photos. The Government has however produced a photo of a pistol that Jan had stored in the photos on his phone, but no pistol is alleged to have been recovered from him in this case tied to him, despite whatever searches the FBI have done of his premises. Furthermore, there is no allegation that he has threatened anyone with violence, let alone gun violence, despite the general allegation of group dangerousness that attends this sort of case. With regard to his potential for flight risk, the government is not alleging that when faced with apprehension outside of the office of his attorney for his Common Pleas case, that he was uncooperative or tried to flee. They have indicated that they believe that he may have had pre-knowledge that he was being sought by police and that may account for his attempting to reach his counsel

camera on the block. And to that extent they would infer that he is regularly selling drugs, yet we can only consider the indictment as produced. The allegations against him are limited to one alleged observed transaction and a series of phone calls from a leader, organizer type telling him what to do. To the extent that this ties Jan into a conspiracy is admittedly considerable. And even though the greater overall conspiracy is serious altogether, that alone is not enough to detain him without seriously considering the factors weighing in favor of existing conditions[3]. The allegations in the indictment must also be juxtaposed against the government's claim that this indictment comes as a result of a 10-year investigation from 2016. Jan was 11 years old in 2016 and there is no allegation that he has been a long-standing member of this or any other conspiracy during most of the time that this organization has been under observation.

Additionally, the Defendant's mother resides next door to Jan's fiancé, Chelsea. And she is 4 months pregnant with their child and will require him to help out with raising their baby. Chelsea is not charged in this indictment, and she regularly works as a Pharmacy Tech at the Cambria independent Pharmacy in the City. He has no other children. He did not graduate from high school and went as far as 11th grade, but when he left school, he started

---

ahead of arrest. There was no chase that ensued. The FBI did not apprehend him earlier at the Cherry Hill Mall. But there was no indication that he knew they were in close proximity. That is hardly the type of fleeing that would trigger the concerns of the court. What concerns the Court is that he presents a risk of non-appearance to his future court hearings. Jan has no history of failures to appear at court. He presents merely as a reasonable bail risk, not the type where no conditions exist to assure safety and appearances at court hearings. In fact, in the present case against him in Common Pleas Court, his bail was reduced to unsecured partly because the Commonwealth withdrew the charges prior to re-filing them but also because he has no history of failures to appear. That is the type of information that favors release conditions.

[3] Given due consideration to the purposes of the Bail Reform Act presumption being limited to only those few the law finds it necessary to detain pretrial, even though the Government characterizes the overall conspiracy as extremely serious, and no doubt, it is, not every participant in a conspiracy of this type is equal. And a demarcation must exist between those who are leaders and those who are followers. And the presumptions of the Bail Reform Act must recognize that as well in order to give honest weight to the balancing process.

working as an auto detailer in 2022, when he was 18 years old at the Amazing Creations Carwash, located at 2800 North Second Street, Philadelphia.

Pertaining to one of the Pretrial Officer's concerns, Jan was previously diagnosed with a mental health condition requiring him to take prescription medications. However, that medicine made him feel unwell and he believed the dosage was too strong. He decided to stop taking those meds in his teens, and began to self-medicate with Marijuana[4], which made him feel less stressed.

In relation to presumptions that exist for this case, aside from the rebuttable presumption previously discussed herein, also important, Jan is presumed innocent for purposes of all pretrial matters going forward. And while the Government does present a considerable case, the strength of the case, alone, is but one factor but not the deciding factor favoring pretrial detention. Once the Defendant rebuts the presumption of no conditions available, the Government must prove that he poses a danger to the community by clear and convincing evidence. *United States v Perry*, 788 F2d 100, 115 (3rd Cir 1986).

The Government may argue that Jan has a pending drugs and gun possession case against him in the Court of Common Pleas of Philadelphia, that is presently in the preliminary hearing stage. That case presents as wholly circumstantial and does not favor conviction. Further, the procedural history of this particular Philadelphia County arrest is that the charges were initially withdrawn by the Office of the District Attorney. And then it was re-filed. Jan's bail in the meantime was reduced to *unsecured*. There does not seem to be any indication that the Bail Agent found him to be in violation of his bail conditions. His

---

[4] Please see Pretrial Services report page 2.

bail was not pulled or re-addressed by Common Pleas Court. His history with the courts has him attending as directed and required[5].

When he was arrested in this case, he was emerging from his lawyer's office in Center City. He did not run or attempt to flee. He cooperated with his arrest. To rebut the presumption, a defendant simply need only to produce some evidence that he will not flee or endanger the community if released. *United States v Dominguez, 783 F2d 702, 707 (7th Cir. 1986); see also United States v Jessup, 757 F2d 378, 384 (1st Cir 1985), abrogated on other grounds by United States v O'Brien, 895 F2d 810 (1st Cir 1990)*. The burden is not heavy on the Defendant to meet. *Dominguez at 707*. But it is heavier on the Government in their burden of persuasion. *United States v Wilks 15 F4th 842, 846-47 (7th Cir 2021)*.

The presumption of detention is rebutted by any evidence favorable to a defendant that comes within the category listed in 3142(g)…including evidence of family ties, status or relations, employment status and ties to the community. It is for that reason that the presumption alone is insufficient to warrant detention.

The arrest of 33 people in this case, according to Kash Patel, head of the FBI, ended this organization on the block in Kensington where the activity is alleged to have occurred[6]. Jan, as an alleged street level participant, cannot revive this organization by himself but given his changed family circumstances, in any case, requiring him to become more domestic,

---

[5] In fact, with respect to the 2024 arrests for similar crimes, the previous two Common Pleas cases were nolle prossed/withdrawn or outright dismissed, and therefore, it can be argued presented the same stakes providing motivation to flee or abscond. But that didn't happen. Simply put, he was Court ordered to attend and he did. His previous procedural history should favor rebutting the presumption of no conditions existing in this case.

[6] Please see attached Kash Patel, Photo of a news conference pertaining to the arrests made in this case. In the video captured on YouTube, Director Patel said of the arrests in summary "the takedown" is an example of how you remove an entire organization that had plagued Philadelphia. Source of information, YouTube from Fox Live News.

he is more concerned with returning to his job detailing cars. He can be required to work and be monitored on Home Confinement GPS so that pretrial services knows of his whereabouts at all times.

Jan, as the youngest person arrested, is a good candidate for release because he has a work history, has strong family ties to the area and can reside with his mother, next to his fiancé and to help her with their new responsibilities. His unsecure bail status is not revoked; he has no prior record and no history of absconding from Court or not showing up to his two previous required court appearances in 2024. And despite the concerns of the pretrial officer leading him to conclude that there are no conditions that will assure Jan's appearance in court, he has never failed to show for a court hearing in the two previous cases against him or in his present case against him at the Criminal Justice Center. Additionally, he has not previously or in this case been accused of committing acts of violence or threatening violence on anyone. He, therefore, presents no documented history of danger to the community, if released with conditions. His use of Marijuana to self-medicate can be addressed with mental health and substance abuse counseling, which may be court ordered as part of his conditions of release. He has no cash, no ready assets or an ability to flee but is grounded by his pending paternal responsibilities to his fiancé Chelsea. Finally, as if to underscore that each defendant presents their own unique circumstances that may rebut the ongoing presumptions that exist in cases like this, other alleged members of this conspiracy, perhaps higher up on the importance scale, have been

released in this case for various reasons[7]. Jan should be released on GPS monitoring with curfew, along with standard conditions of release. Rather than finding that no conditions exist for this alleged street level participant, the following conditions of release under section 3142 (c)(1)(B) and any other conditions the Court deems necessary, will reasonably assure Jan's appearances in court and the safety of the community:

- Place him in strict, 24-hour in-home detention with electronic monitoring in his mother's home, where he may assist his fiancé with helping to raise their baby in about 5 months.
- Require him to seek and maintain employment;
- Require Jan to attend both mental health and substance abuse counseling;
- Follow restrictions on "personal associations, place of abode or travel";
- Report on a regular basis to pretrial services; and
- Any other condition the Court believes will assure the appearance of the Defendant.

The above will reasonably assure Jan's appearances in Court and will ensure the safety of the community.

**WHERFORE,** Defendant respectfully requests release with conditions.

_____
James Nechin, Esquire
1515 Market St. Suite 1200
Philadelphia, PA 19102
484-767-4336
Jdn0158@hotmail.com

---

[7] Thus, demonstrating that conditions may be found to exist to overcome presumptions favoring detention, even in very serious drug cases. Jan is listed as Defendant number 20 in order of importance.



## CERTIFICATE OF SERVICE

The undersigned counsel hereby certifies that on November 4, 2025, a true and correct copy of the Defendant's Motion in the herein matter was served on the following persons via e-filing, as follows:

Jason Grenell, Esquire
US Attorney's Office EDPA
615 Chestnut St. Suite 1250
Philadelphia, PA 19106
Jason.grenell@usdoj.gov

_____
James Nechin, Esquire
1515 Market St. Suite 1200
Philadelphia, PA 19102
484-767-4336
Jdn0158@hotmail.com